Reed W. Larsen (3427)
Javier L. Gabiola (5448
COOPER & LARSEN, CHARTERED
151 North 3rd Avenue, 2nd Floor
P.O. Box 4229
Pocatello, ID 83205-4229
Telephone: (208) 235-1145
Facsimile: (208) 235-1182
reed@cooper-larsen.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NATHAN BISHOP and RACHAEL BISHOP, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>HOBART BROTHERS, LLC, an Ohio limited liability company, PRAXAIR, INC., a Delaware corporation and XYZ BUSINESS ENTITIES 1 THROUGH 10<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. _____<br><br>**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs, Nathan Bishop and Rachael Bishop, by and through the undersigned counsel, and for a cause of action against the above-entitled Defendants, state and allege as follows:

## INTRODUCTION

1. At all times material herein, Plaintiffs Nathan Bishop and Rachael Bishop are and were adult citizens of the United States who currently reside in Preston, Franklin County, Idaho.

2. At all times material herein, Defendant Hobart Brothers, LLC is an Ohio limited liability company, manufacturing and producing certain products sold in the state of Idaho, including but not limited to, duel shield welding wire and welding rods.

3. At all times material herein, Praxair, Inc. is corporation organized under the laws of the state of Delaware, doing business in the state of Idaho, and selling and distributing certain products, including but not limited to, duel shield welding wire and welding rods manufactured by Hobart Brothers, LLC.

4. Those parties identified as "XYZ Business Entities 1 through 10" are corporations, partnerships and/or limited liability companies whose true names are unknown to Plaintiffs, but who are or may be liable to Plaintiffs based upon the acts, omissions and occurrences hereinafter described. When the true names of such parties are discovered, Plaintiffs will seek leave to amend this Complaint accordingly.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and subject matter of this Complaint pursuant to 28 U.S.C. § 1332, as diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

6. Venue in this District is appropriate, as the cause of action arose in the state of Idaho, and Defendants currently conduct business in the state of Idaho, and did so at the time Plaintiffs commenced this action.

## GENERAL ALLEGATIONS AND CAUSE OF ACTION

7. From September, 2015 through March, 2018 Plaintiff Nathan Bishop was employed as a welder/fabricator for Lundahl Ironworks in Franklin, Idaho. His job duties included welding

various types of structural beams and columns and continuous joint penetration welds.

8. Lundahl Ironworks purchases the welding material used by the welders in its shop from Defendant Hobart Brothers, LLC.

9. During his time welding for Lundahl Ironworks, Plaintiff Nathan Bishop began to experience neurological symptoms, including tremors, disorientation, dizziness, general weakness, muscle pain, irritability, night sweats, memory and mood changes and pains in the elbows and knees. The symptoms began January 4, 2018 and grew gradually more pronounced until he was forced to stop welding in March of 2018.

10. On May 22, 2018 Plaintiff Nathan Bishop was diagnosed with acquired parkinsonism due to manganese neurotoxicity by a specialist at the University of Utah Imaging and Neurosciences Center.

11. The use of welding products causes the emission of welding fumes that contain, among other things, manganese.

12. Manganese has been medically and scientifically recognized as toxic in levels that exceed the trace amounts normally found in the human body. Parkinsonism is a condition caused by manganese toxicity, and causes debilitating neurological problems that, among other things, affect a persons ability to think, talk, eat, move, sleep and work.

13. Plaintiff Nathan Bishop was exposed to welding fumes while using welding products and equipment an/or working in the proximity of other persons using welding products or equipment.

14. As a direct and proximate result of exposure to welding fumes, Plaintiff Nathan Bishop developed neurological injury.

15. As a direct and proximate result of exposure to welding fumes, Plaintiff Nathan Bishop suffered, continues to suffer, and will continue to suffer permanent neurological and physical damage, severe physical and mental pain, loss of wages, loss of earning capacity, disability, medical expenses, and loss of enjoyment of life.

16. At all relevant times, Plaintiff Nathan Bishop was unaware of the dangerous nature of welding fumes, manganese, and the neurological injuries that could occur because of exposure to welding fumes.

17. The Defendants were aware, or should have been aware, of the toxic nature of manganese and the health hazards inherent in the products they were selling.

18. The Defendants ignored or deliberately concealed the dangerous nature of the product they sold in order to sell their product and/or avoid the cost of adequate safety precautions.

## FIRST CAUSE OF ACTION

### (Negligent Failure to Warn – Hobart Brothers, LLC)

19. Plaintiffs incorporate by reference all of the foregoing and following allegations of this Complaint.

20. It was reasonably foreseeable by Defendant Hobart Brothers, LLC that welders, including Plaintiff Nathan Bishop, would be exposed to welding fumes containing manganese by using welding products.

21. In light of the intended use of Defendant Hobart Brothers, LLC's product, the Defendant Hobart Brothers, LLC had a legal duty to exercise reasonable care for the safety of Plaintiff Nathan Bishop and similarly situated individuals. Hobart Brothers, LLC failed to exercise such care and was negligent.

22. Because exposure to welding fumes presents a risk of physical harm, Defendant Hobart Brothers, LLC had a legal duty to exercise reasonable care for the safety of Plaintiff Nathan Bishop when making representations about welding safety and health in warning labels, publications, and instructions for ventilation and other precautionary measures.

23. As a direct and proximate result of Defendant Hobart Brothers, LLC's negligence, Plaintiff Nathan Bishop suffered physical and mental injury and damages. Plaintiff is entitled to recover a money judgment against Defendant Hobart Brothers, LLC in an amount sufficient to fully and fairly compensate him for injuries, losses and damages described below.

## SECOND CAUSE OF ACTION

### (Negligent Failure to Warn – Praxair, Inc.)

24. Plaintiffs incorporate by reference all of the foregoing and following allegations of this Complaint.

25. It was reasonably foreseeable by Defendant Praxair, Inc. that welders, including Plaintiff Nathan Bishop, would be exposed to welding fumes containing manganese by using welding products.

26. In light of the intended use of the product distributed by Defendant Praxair, Inc., Praxair, Inc. had a legal duty to exercise reasonable care for the safety of Plaintiff Nathan Bishop and similarly situated individuals. Praxair, Inc. failed to exercise such care and was negligent.

27. Because exposure to welding fumes presents a risk of physical harm, Defendant Praxair, Inc. had a legal duty to exercise reasonable care for the safety of Plaintiff Nathan Bishop when making representations about welding safety and health in warning labels, publications, and instructions for ventilation and other precautionary measures.

28. As a direct and proximate result of Defendant Praxair, Inc.'s negligence, Plaintiff Nathan Bishop suffered physical and mental injury and damages. Plaintiff is entitled to recover a money judgment against Defendant Praxair, Inc. in an amount sufficient to fully and fairly compensate him for injuries, losses and damages described below.

### THIRD CAUSE OF ACTION

### (Warranty)

29. Plaintiffs incorporate by reference all of the foregoing and following allegations of this Complaint.

30. Defendants, and each of them, expressly and impliedly warranted to the Plaintiff Nathan Bishop that their welding products were generally safe which proved to be false. That wrongful and misleading conduct was a producing and/or proximate cause of the occurrence and Plaintiff Nathan Bishop's injuries and damages.

31. Plaintiff Nathan Bishop relied upon Defendants' warranties to his detriment.

32. Plaintiff's injuries were a direct and proximate result of the Defendants' breach of warranty.

### FOURTH CAUSE OF ACTION

### (Strict Liability)

33. Plaintiffs incorporate by reference all of the foregoing and following allegations of this Complaint.

34. Upon information and belief, Defendant Hobart Brothers, LLC are manufacturers, and/or distributors with strict products liability. Defendant Hobart Brothers, LLC manufactured, sold or distributed welding products that produce manganese containing welding fumes. These welding

products were expected to and did reach various commercial and industrial locations, including Lundahl Ironworks, where Plaintiff Nathan Bishop's exposure occurred, without substantial change in the condition of the product from that in which it was sold.

35. Defendant Hobart Brothers, LLC's products are unreasonably dangerous because, when used for their reasonably foreseeable and intended purposes in the welding process, they produce harmful fumes that cause neurological injuries.

36. Defendant Hobart Brothers, LLC's products are defective because adequate and timely warnings were not provided to users that the products produce harmful fumes; adequate and timely instructions were not provided to users about proper ventilation and safe equipment; and Defendants represented to the public that welding was generally safe, when it was not.

37. The defects in Defendant Hobart Brothers, LLC's products existed when the products left the Defendant's control.

38. When used by Plaintiff Nathan Bishop, the product was in a defective and unreasonably dangerous condition.

39. Plaintiff Nathan Bishop was unaware of and lacked the ability to observe said defects at the time of use of products and relied on Defendant Hobart Brothers, LLC's duty to provide products which were reasonably safe for his use. Plaintiff Nathan Bishop's injuries were directly and proximately caused by the dangerous and defective condition of the product and Defendant Hobart Brothers, LLC should be held strictly liable for Plaintiff Nathan Bishop's injuries.

//

//

//

## FIFTH CAUSE OF ACTION

### (Loss of Consortium)

40. Plaintiffs incorporate by reference all of the foregoing and following allegations of this Complaint.

41. As a direct and proximate result of Defendants' wrongful conduct set forth above, Rachael Bishop's spouse was exposed to toxic fumes from welding products, and Rachael Bishop was and continues to be deprived the society, comfort, service, companionship, and consortium of her husband. In fact, Plaintiff Rachael Bishop has been required to provide further aid and assistance, comfort, and skill to her husband, Plaintiff Nathan Bishop, all as a result of the conduct of the above-named Defendants.

42. That as a direct and proximate result of the conduct as identified above of the Defendants, Plaintiff Rachael Bishop has suffered damages which are greater than $10,000 and in other amounts to be proven at trial.

## ADDITIONAL ALLEGATIONS

43. Plaintiffs incorporate by reference all of the foregoing and following allegations of this Complaint.

44. The acts and omissions of the Defendants in the design, manufacture and sale of the unreasonably dangerous and defective products was gross, wanton and outrageous and constituted an extreme deviation from reasonable standards of conduct sufficient to warrant an award of punitive damages.

45. The provisions of Idaho Code § 6-1603, which contain certain limitations upon the recovery of non-economic damages, do not apply so as to limit the non-economic damages

recoverable by Plaintiffs against the Defendants because the acts and omissions of the Defendants in the design, manufacture and sale of the unreasonably dangerous and defective products was willful and reckless conduct as described in Idaho Code § 6-1603(4)(a).

## DAMAGES

46. As a direct and proximate result of Defendants' conduct, Plaintiffs have incurred and will continue to incur in the future special damages including, but not limited to, those for medical care and the loss to Plaintiffs' earning capacity, in amounts to be proven at trial.

47. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered general damages which include, but are not limited to, physical and mental pain and suffering, impairment of faculties and ability to perform usual activities, and loss of enjoyment of life, in an amount to be determined at trial, which is in excess of $10,000.

## ATTORNEYS' FEES

48. As a further direct and proximate result of Defendants' negligent breach and negligent acts or omissions, Plaintiffs have been forced to retain the undersigned counsel and incur attorney's fees and costs for which they should be reimbursed by the Defendants.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in the following amounts:

A. General damages in an amount to be proven at trial, in excess of $75,000;

B. Medical expenses in an amount to be proven at trial;

C. The loss of comfort, society, companionship, and consortium for Rachael Bishop;

D. For attorney fees and costs incurred herein; and,

E. For such other and further relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues.

DATED this 15th day of February, 2019.

                          COOPER & LARSEN, CHARTERED


                          By  /s/ Reed W. Larsen
                              REED W. LARSEN

## VERIFICATION

STATE OF IDAHO        )
                      :ss
County of Franklin    )

NATHAN BISHOP and RACHAEL BISHOP, being first duly sworn, depose and state as follows:

They are the Plaintiffs herein; they have read the foregoing document, know the contents thereof, and that the facts therein stated are true to the best of their knowledge and belief.

_____
NATHAN BISHOP

_____
RACHAEL BISHOP

SUBSCRIBED AND SWORN TO before me this 15 day of ~~January~~ February, 2019.

_____
NOTARY PUBLIC FOR IDAHO
Residing at: Pocatello, ID
Commission expires: 1-19-24

(SEAL) CONSTANCE M WYNN, NOTARY PUBLIC, STATE OF IDAHO, Comm. No. 46185